Julie E. Ravis
STEVENS & LEE
A PA Professional Corporation
Princeton Pike Corporate Center
100 Lennox Drive, Suite 200
Lawrenceville, NJ 08648
(610) 478-2077
jera@stevenslee.com
*Attorneys for Plaintiff Massachusetts Mutual
Life Insurance Company*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. |
| | : | |
| v. | : | |
| | : | |
| YVONNE ZABALA-LUGO, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## COMPLAINT

Plaintiff Massachusetts Mutual Life Insurance Company ("MassMutual") files this action

against Defendant Yvonne Zabala-Lugo seeking a declaratory judgment regarding the rescission

of a disability insurance policy, and in support thereof avers as follows:

### THE PARTIES

1.   MassMutual is a Massachusetts mutual insurance company with its principal place

of business at 1295 State Street, Springfield, MA 01111-0001. MassMutual is engaged in,

among other things, the sale of disability insurance policies.

2.   Defendant Yvonne Zabala-Lugo ("Zabala-Lugo") is an adult individual who resides

at 182 Hillman Drive, Elmwood Park, New Jersey 07407.

1

## JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29

U.S.C. § 1132(e) because this action involves a dispute over disability insurance benefits that are

governed by ERISA.

4.     In the alternative, this Court has subject matter jurisdiction pursuant to 28 U.S.C.

§ 1332(a)(1) because the parties are citizens of different states and the amount in controversy

exceeds $75,000, excluding interest and costs.  The amount in controversy for diversity

jurisdiction is satisfied because this action involves the validity of a disability insurance policy

which MassMutual seeks to have declared void *ab initio* and/or rescinded, and therefore, in

determining the amount in controversy, the Court should take into account the full value of the

contract, including any future payments that may become payable to the insured.  *See, e.g.*, *Russ

v. Unum Life Ins. Co.*, 442 F. Supp. 2d 193, 197 (D.N.J. 2006) (citing *Hilley v. Mass. Mut. Life

Ins. Co.*, 32 F. Supp. 2d 195, 196 (E.D. Pa. 1998)); *Carnathan v. Ohio Nat'l Life Ins. Co.*, No.

1:06-cv-999, 2006 WL 2990396, at *2 (M.D. Pa. Oct. 18, 2006).  Here, the amount of past

benefits Zabala-Lugo has already claimed and future benefits that could be payable under the

Policy exceed $75,000.00.

5.     Venue is appropriate in the District of New Jersey pursuant to 28 U.S.C. § 1391 and

29 U.S.C. § 1132(e)(2) because, among other things, Zabala-Lugo resides in this District and a

substantial part of the events giving rise to this action occurred in this District.

## FACTS

### The Plan

6.     At all times relevant to this Complaint, Zabala-Lugo was employed by

MatlinPatterson Global Advisors, LLC ("MatlinPatterson"), an employer engaged in commerce.

2

7.      MatlinPatterson established and maintained a plan, fund or program (the "Plan") to provide its eligible employees benefits in the event of disability in the form of Worksite Individual Disability Income Insurance from MassMutual.

8.      As part of the Plan, MatlinPatterson entered into an arrangement with MassMutual under which participants in the Plan were offered coverage with simplified underwriting and a 25% discount on premiums charged for their Worksite Individual Disability Income Insurance.

### Zabala-Lugo's Application

9.      Consistent with the Plan, on or about August 13, 2015, Zabala-Lugo completed an application (the "Application") by which she applied for Worksite Individual Disability Income Insurance from MassMutual.

10.     The Application provides, among other things:

> **The Application.**   This is part of an application for Disability Income Insurance.
>
> **Coverage.**   Any Coverage issued on this Application will take effect on the Coverage Date(s) as shown on the Policy Specification provided that the Policy has been issued and delivered and the premium due for the Coverage(s) has been paid, and all answers and statements in this Application are true and complete.   This paragraph shall be subject to the incontestability and time limit of certain defenses provisions of any Policy issued as a result of this Application.
>
> ****
>
> **ANY PERSON WHO KNOWINGLY PRESENTS A FALSE STATEMENT IN AN APPLICATION FOR INSURANCE MAY BE GUILTY OF A CRIMINAL OFFENSE AND SUBJECT TO PENALTIES UNDER STATE LAW.**

11.     On the Application, Zabala-Lugo was asked the following questions and gave the following answers:

> (a)  Question C3 asked, "For the past 90 day(s), has the Proposed Insured been continuously at work for their usual and customary schedule performing all the duties of their occupation without limitation due to injury or sickness?" Zabala-Lugo answered/checked "Yes."

3

(b)  Question C3a asked, "How many full or partial days during the specified
period above has the Proposed Insured missed work due to sickness or injury?"
Zabala-Lugo answered "0."

**The Policy**

12.   In reliance on Zabala-Lugo's representations in the Application, on November 2,

2015, MassMutual issued Worksite Individual Disability Income Insurance Policy No. 8817016

(the "Policy") to Zabala-Lugo, with an effective date of October 1, 2015.

13.   The Policy was issued with simplified underwriting and a 25% premium discount

consistent with MassMutual's arrangement with MatlinPatterson under the Plan.

14.   The Policy's possible benefits include disability benefits of $431.00 a month and

catastrophic disability benefits of $3,019.00 a month.

15.   Assuming all Policy conditions and requirements are satisfied, benefits may be

payable until October 1, 2032.

16.   A copy of the Application was attached to and made a part of the Policy when it

was issued and delivered to Zabala-Lugo.

17.   The Policy provides, among other things:

After two years from the date any Coverage becomes Effective
under this Policy, only fraudulent misstatements in the application
may be used to void that Coverage or to deny or reduce a claim for
a Disability that starts after the two year period. *However, prior to
the two-year period, We may void that Coverage(s) if You made
any material misrepresentation(s) in Your application(s).*
(Emphasis added).

18.   MassMutual rescinded the Policy within the two-year contestability period pursuant

to a letter dated September 27, 2017 to Zabala-Lugo which confirmed that the Policy is rescinded

and that applicable premiums are being refunded; however, Zabala-Lugo has not yet formally

accepted the rescission.

19.   Therefore, this action is brought within the two-year contestability period.

4

SL1 1486253v1 005103.00027

### MassMutual Discovers Zabala-Lugo's Previously
### Undisclosed History of Orthopedic Issues and Surgeries

20.     Zabala-Lugo submitted a claim for disability benefits under the Policy on or about February 14, 2017.

21.     As part of MassMutual's claim evaluation, it obtained medical records from Zabala-Lugo's treatment providers.

22.     The information from Zabala-Lugo's treatment providers revealed, among other things, the following:

  (a)  Operative Report of June 17, 2015 wherein Zabala-Lugo was diagnosed with significant orthopedic problems involving her spine and lower extremities for which she received treatment including, but not limited to, steroid injections.

  (b)  Operative Report of July 17, 2015 wherein Zabala-Lugo was diagnosed with significant orthopedic problems involving her spine for which she received treatment including an invasive surgical procedure.

  (c)  Operative Report of August 5, 2015 wherein Zabala-Lugo was diagnosed with significant orthopedic problems involving her spine for which she received treatment including steroid injections.

23.     MassMutual also obtained work history information through an interview of Zabala-Lugo conducted by a MassMutual field investigator on September 7, 2017.  During Zabala-Lugo's interview with MassMutual's field investigator, MassMutual was advised that Zabala-Lugo was out of work on July 17, 2015, when she underwent an invasive surgical procedure and for at least a week following the procedure.  Zabala-Lugo also added that she also recalled attending follow-up appointments on July 20, August 5, and August 8, 2015 related to ongoing pain.  Zabala-Lugo further added that she may have been out of work for as much as a month following the above-referenced operative procedure.

24.     The information Zabala-Lugo failed to disclose in the Application concerning her medical history was material to MassMutual's underwriting analysis of the Application and the decision to issue the Policy.

25.    Had Zabala-Lugo disclosed her true and complete medical history on the Application, MassMutual would have either declined to issue the Policy or offered the Policy under different terms including, but not limited to, the use of exclusion riders.

26.    The information Zabala-Lugo failed to disclose was within her knowledge and in response to objective questions on the Application.

27.    By letter dated September 27, 2017, MassMutual informed Zabala-Lugo that it had rescinded the Policy because of Zabala-Lugo's material misrepresentations on the Application.

28.    In its letter, MassMutual included a check for the refund of premiums paid for the Policy (plus interest).

29.    To date, Zabala-Lugo has not agreed to the rescission of the Policy and did not cash the check representing her refund of premiums.

30.    Accordingly, MassMutual seeks equitable or declaratory relief to confirm the Policy has been rescinded (or, alternatively, that MassMutual may rescind the Policy), the Policy was never in force, and that Zabala-Lugo is entitled only to a refund of her premiums.

## COUNT I
## For Equitable and Declaratory Relief

31.    MassMutual incorporates herein in their entirety paragraphs 1 through 30 of this Complaint.

32.    MassMutual is entitled to equitable relief pursuant to 29 U.S.C. § 1132(a)(3) to enforce the terms of the Plan relating to MassMutual's right to void or rescind the Policy based on material misrepresentations in the Application.

33.    Further, an actual controversy pursuant to the Federal Declaratory Relief Act, 22 U.S.C. § 2201, exists between MassMutual and Zabala-Lugo relating to MassMutual's decision to rescind the Policy.

6

34.   MassMutual has confirmed that Zabala-Lugo failed to disclose on the Application, at a minimum, material information concerning her true medical history.

35.   By failing to disclose Zabala-Lugo's true medical history, the Application contained material false representations.

36.   Zabala-Lugo made material false representations on the Application in response to objective questions concerning her medical history because the information requested was within Zabala-Lugo's knowledge.

37.   The information Zabala-Lugo failed to disclose regarding her true medical history was material to the risk Zabala-Lugo asked MassMutual to insure or the hazard assumed by MassMutual.

38.   By completing the Application, Zabala-Lugo also agreed that policy coverage would not take effect unless all answers to the Application were true and complete.

39.   MassMutual seeks a declaration that the Policy was void *ab initio* because of Zabala-Lugo's material misrepresentations and omissions concerning her true medical history on the Application, and accordingly seeks a declaration that the Policy was never in force.

40.   In the alternative, MassMutual is entitled to rescind the Policy because of Zabala-Lugo's material misrepresentations and omissions concerning her true medical history on the Application.

41.   Further, Zabala-Lugo's material misrepresentations in response to objective questions on the Application constitute equitable fraud that justifies rescission of the Policy.

42.   In the alternative, upon information and belief, Zabala-Lugo knowingly failed to disclose her true medical history on the Application with the intent to deceive MassMutual.

43.   MassMutual is prepared either to repay Zabala-Lugo's premiums plus interest or to pay the premiums into court pending the outcome of this case.

7

44.    Declaratory relief is appropriate because, among other things, there is a substantial, live controversy of sufficient immediacy between the parties concerning whether the Policy is void and/or MassMutual's right to rescind the Policy.

45.    All of the parties to this dispute are now before the Court.

46.    A judicial determination will end the controversy at issue and provide the parties with practical guidance in their future dealings.

WHEREFORE, MassMutual requests the Court to enter judgment in its favor:

    (a)    Declaring that the Policy is void and never issued because of the material misrepresentations on the Application;

    (b)    In the alternative, declaring that the Policy was properly rescinded by MassMutual and is void *ab initio*;

    (c)    Allowing MassMutual to pay the premiums to Zabala-Lugo or into Court;

    (d)    Awarding MassMutual all costs and fees permitted by law; and

    (e)    Awarding such other relief as the Court deems just and equitable.

STEVENS & LEE
A Pennsylvania Professional Corporation

Dated: September 28, 2017

By:  *s/ Julie E. Ravis*
    Julie E. Ravis
    Princeton Pike Corporate Center
    100 Lenox Drive, Suite 200
    Lawrenceville, NJ 08648
    Tel: (610) 478-2077
    Fax: (610) 371-7747
    jera@stevenslee.com

    *Attorneys for Plaintiff Massachusetts Mutual Life Insurance Company*

SL1 1486253v1 005103.00027